

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 7, 1976

The Honorable Kenneth Gaver, M.D.
Commissioner
Texas Department of Mental
    Health & Mental Retardation
P. O. Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. H-819

Re: Does "institutions"
as used in appropriation
item include MHMR "Central
Office."

Dear Commissioner Gaver:

You ask:

> Under the provisions of the current
> Appropriations Bill does the Texas
> Board of Mental Health and Mental
> Retardation have the authority to
> allocate funds from the Reserve Fund
> of the Texas Department of Mental
> Health and Mental Retardation to the
> Central Office of this Department for
> emergency purposes and for equipment,
> repairs, replacements and/or new
> construction?

The relevant portion of the General Appropriations Act,
Acts 1975, 64th Leg., ch. 743 at 2417, 2463, provides:

### RESERVE FUND

| | For the Years Ending | |
|---|---|---|
| | Aug. 31, | Aug. 31, |
| Out of the General | 1976 | 1977 |
| Revenue Fund: | | |

> There is hereby appro-
> priated to the Board of
> Mental Health and Mental
> Retardation, for alloca-
> tion by said Board <u>to
> existing institutions
> under its jurisdiction</u>
> for emergency purposes
> and for equipment,
> repairs, replacements
> and/or new construction,
> the following amounts     $500,000      $500,000
>                                         & U.B.

(Emphasis added).

The issue presented by your request is whether the
Central Office of the Texas Department of Mental Health and
Mental Retardation is an "institution" under the jurisdiction
of the Board of Mental Health and Mental Retardation for
purposes of the Appropriations Act provision quoted above.

We have examined the portions of the Appropriations Act
which relate to the Department of Mental Health and Mental
Retardation to ascertain the meaning intended by the use of
the word institution. We were able to ascertain no consistent
use of the word which would necessarily exclude the central
office from its ambit. On the other hand, there are at least
two statutory provisions which suggest that the central
office is included in the term institution.

The composition of the Texas Department of Mental Health
and Mental Retardation is established by article 5547-202,
V.T.C.S. Section 2.01 of that statute reads in part:

> The Texas Department of Mental Health
> and Mental Retardation shall consist of
> a Texas Board of Mental Health and Mental
> Retardation, a Commissioner of Mental
> Health and Mental Retardation, a Deputy
> Commissioner for Mental Health Services,
> a Deputy Commissioner for Mental Retarda-
> tion Services, a staff under the direction

of the Commissioner and the Deputy Commissioners, and the following facilities and institutions together with such additional facilities and institutions as may hereafter by law be made a part of the Department:

(1) the Central Office of the Department;

. . . .

[29 other facilities and institutions are listed]. (Emphasis added).

A rider to the General Appropriations Act, Acts 1975, 64th Leg., ch. 743 at 2417, 2513, provides in part:

c.    UNEXPENDED BALANCES.   (1) All unexpended balances not otherwise restricted and remaining in the respective appropriation items in the Department of Health Resources, or Department of Mental Health and Mental Retardation, at the close of the fiscal year ending August 31, 1976, are hereby reappropriated to the agencies covered by this Section for the fiscal year beginning September 1, 1976, and may be allocated to any institution or agency, other than the central offices and Community Mental Health and Mental Retardation Centers, under the respective agencies to be expended for such purposes as are approved by the respective governing boards . . . . (Emphasis added).

In this instance, the Legislature refers in the Appropriations Act to "any institution or agency, other than the central office" and refers in the statute creating the Department to "facilities and institutions" as including the central office.  In light of the absence of any clear indication that the central office is not an institution under the jurisdiction of the Department of Mental Health and Mental Retardation and in light of the two suggestions that the central office is included in that term, it is our opinion that the Department of Mental Health and Mental Retardation may allocate money out of the Reserve Fund appropriation to the central office for the purposes enumerated in that appropriation.

## S U M M A R Y

The Department of Mental Health and
Mental Retardation may allocate money
to its central office from the Reserve
Fund.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb